IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE COLEY<br><br>    Plaintiff,<br><br>v.<br><br>KATHY L. RUMER, D.O., F.A.C.O.S;<br>DELAWARE VALLEY AESTHETICS, PLLC<br>D/B/A RUMER COSMETIC SURGERY<br><br>    Defendants. | CIVIL ACTION NO. 2:18-cv-01188 |

**MEMORANDUM OF LAW OF KATHY L. RUMER, D.O., F.A.C.O.S.
AND DELAWARE VALLEY AESTHETICS, PLLC D/B/A
RUMER COSMETIC SURGERY IN SUPPORT OF THEIR MOTION TO DISMISS
WITH PREJUDICE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO
PENNSYLVANIA RULE OF CIVIL PROCEDURE 12(b)(6)**

### I. BACKGROUND/PROCEDURAL HISTORY

On March 20, 2018, Plaintiff Nicole Coley filed a civil Complaint against Kathy L. Rumer, D.O., F.A.C.O.S. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery arising out of Plaintiff's medical treatment for a penile inversion vaginoplasty, local skin graft, and related surgical procedures. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A". The Complaint was served on Defendants' on or about May 9, 2018. Primarily, Plaintiff's Complaint sounds in medical professional negligence under Pennsylvania substantive law in the performance of the gender transformation procedure.

### II. STATEMENT OF THE FACTS

Plaintiff alleges that prior to and on March 23, 2016, she was suffering from gender dysphoria, male to female. (Ex. A at para. 19.) Plaintiff further alleges that she underwent

hormone therapy, counseling and completed all preoperative guidelines in preparation for gender reassignment surgery to be performed by Defendant, Dr. Rumer. (Ex. A at para. 21.) On March 23, 2016 Defendant, Dr. Rumer performed a penile inversion vaginoplasty, local skin graft and related surgical procedures upon plaintiff at Delaware County Memorial Hospital. (Ex. A at para. 23.)

Plaintiff contends that despite her adherence to postoperative care, and as a direct result of the alleged negligence of the Defendants in the performance of the penile inversion vaginoplasty, she suffered a urethral stricture and misalignment, loss of actual cavity, protruding proboscis which occurs during arousal, labia scar tissue and clitoral insensitivity, in addition to infection and her inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria. (Ex. A at para. 27.) Defendants deny any and all liability for the allegations contained in Plaintiff's Complaint.

In her Complaint, Plaintiff makes improper, and/or legally insufficient and/or factually insufficient claims for Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; as well as unsupported and boilerplate claims of recklessness together with a demand for Punitive Damages and a demand for attorney's fees, all of which should be stricken.

### III. ISSUES PRESENTED

Should Plaintiff's claims for negligent infliction of emotional distress be dismissed as Plaintiff is not entitled to recover for negligent infliction of emotional distress under the circumstances alleged?

**Suggested Answer:** Yes.

Should Plaintiff's claims for intentional infliction of emotional distress be dismissed where supporting facts do not established a prima facie intentional infliction of emotional distress claim under Pennsylvania law?

**Suggested Answer:** Yes.

Should Plaintiff's unsupported and boilerplate claims of recklessness together with a demand for Punitive Damages be dismissed where the supporting facts do not establish prima facie recklessness or punitive damages claims under Pennsylvania law?

**Suggested Answer:** Yes.

Should Plaintiff's demand for attorney's damages be stricken where Pennsylvania substantive law adheres to the "American Rule" which requires that each litigant pay her own attorney's fees?

**Suggested Answer:** Yes.

IV.   **ARGUMENT**

    A.   **Standard of Review for a F.R.C.P. 12(b)(6) Motion to Dismiss**

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl.

Corp. v. Twombly, 500 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief," and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice', but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232 (citing Twombly, 127 S.Ct. at 1865 n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1969 n. 8. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965 n. 3). Furthermore, the Court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 R.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231 (citing Twombly, 127 S.Ct. at 1964-65, 1969 n. 8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

In Ashcroft v. Iqbal, the Supreme Court of the United States stated that its discussion of pleading requirements for a complaint in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 292 (2007), applies to all civil actions filed in the United States

District Court. 129 S. Ct. 1937 (U.S. 2009). The Supreme Court set forth a further explanation of its approach to pleading a cause of action pursuant to Federal Rule of Civil Procedure 8. The Court indicated:

> First, the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we will take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation". Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

Id. (slip opinion pages 14-15).

According to the Supreme Court,

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Id. (slip opinion 15) (citations omitted).

The United States Court of Appeals for the Third Circuit observed that after Iqbal:

> ... it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqubal, 129 S.Ct. at 1949). According to the Court of Appeals, in order to prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

The key, according to the Court of Appeals, is that the complaint must show that the allegations are plausible.

The Court of Appeals provided specific instructions to this Court as to the standard for consideration of a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

Id. at 210-11. The Court must then:

> ... determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Id. at 211 (citations omitted).

### B. Plaintiff Fails to State a Cause of Action Against Dr. Rumer for Negligent Infliction of Emotional Distress.

Negligent infliction of emotional distress is a state law claim, and as such the law as interpreted by the Pennsylvania Supreme Court must apply. Hershman v. Muhlenberg College, 17 F.Supp.3d 454 (E.D. Pa. 2014).

"In Pennsylvania, a claim of negligent infliction of emotional distress is limited to situations in which: (1) the defendant owed the plaintiff a fiduciary or contractual duty; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff reasonably experienced a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative. Credico v. Unknown Employee of the Houston FBI Forfeiture Unit, 567 Fed.Appx. 83, 84 (3d Cir. 2014) cert. dismissed sub nom. Credico v. Unknown Employee of Houston F.B.I. Forfeiture Unit, 135 S. Ct. 688, (2014) (citing Weiley v. Albert Einstein Med. Ctr. 51 A.3d 202, 217 (Pa.

10

Super. Ct. 2012)); see also Goodson v. Kardashian, 413 Fed.Appx. 417, 418 (3d Cir. 2011) (citing Toney v. Chester County Hosp., 691 A.2d 192, 197-98 (Pa. Super. Ct. 2008)).

Of the foregoing, only the fiduciary or contractual duty prong could apply under the circumstances. However, the Pennsylvania Supreme Court created the ability to recover for negligent infliction of emotional distress when the defendant owed the plaintiff a fiduciary or contractual duty in very limited circumstances. See Toney v. Chester County Hosp., 614 Pa. 98, 36 A.3d 83 (2011). The Court specifically stated "not all breaches of duties should result in compensable emotional distress claims." Id. at 111, 36 A.3d at 91. A negligent infliction of emotional distress claim is limited to circumstances where "a preexisting relationship[] involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach" exist. Id. at 117, 36 A.3d at 95. However, negligent infliction of emotional distress "will not involve every medical relationship: 'Although some level of emotion attends every situation involving one's health, we do not anticipate that every area of healthcare will carry the deeply emotional responses sufficient to sustain this exception.'" Id. at 116, 36 A.3d at 94 (citing Larsen v. Banner Health Sys., 81 P.3d 196, 206 (Wyo. 2003).

This type of claim is even more limited in circumstances when a doctor-patient relationship exists:

> Obviously, however, physicians should not be liable for the emotional distress when they are obligated to share distressing news. The question then becomes whether doctors are responsible for the emotional distress caused if they negligently divulge incorrect, emotionally disturbing information. Several causes have arisen where a medical professional's negligence has resulted in emotional distress, **but no** medical malpractice claim arises due to the absence of physical harm.

Id. at 113, 36 A.3d at 93 (citations omitted) (emphasis added). Here the Court had recognized that negligent infliction of emotional distress in medical malpractice actions when asserted by

11

the plaintiff herself should apply when there is no claim itself for medical malpractice. The claim arises due to the absence of physical harm, otherwise the emotional injury is already part of the underlying medical malpractice claim.

Ultimately, it is the trial court's decision to determine if the circumstances create a sufficient duty where a negligent infliction of emotional distress claim may stand. Id. at 117, 36 A.3d at 95. Accordingly, a thorough review of Pennsylvania state and federal law reveals no circumstances similar to those alleged in Plaintiff's Complaint where a negligent infliction of emotional distress claim has arisen. The Courts have only allowed a negligent infliction of emotional distress claim in situations where the plaintiff was not the patient or where the patient was not the individual physically harmed by the alleged negligent act. See Toney, supra. (Defendants interpreted and reported the results to Plaintiff of a pelvic ultrasound that her unborn child was normal. However, Plaintiff gave birth to her son who had several profound physical abnormalities.); Ramos v. United States, 2017 WL 2804955 (M.D. Pa. 2017) (slip copy) (Parents' negligent infliction of emotional distress claim was permitted to proceed in a medical negligence case where their son was misdiagnosed resulting in a delay in treatment and his eventual death.); Nicholson-Upsey v. Touey, 2013 WL 8596353, 30 Pa. D. & C. 5th 168 (Pa. Com. Pl. May 7, 2013) (Plaintiff was wrongfully told that the child she had been carrying for nine months, still physically within her body, was dead.).

In Toney, Plaintiff had no medical malpractice claim – the negligent infliction of emotional distress claim was her only chance at recovery. Toney, 614 Pa. 98, 36 A.3d 83. Plaintiff did not have the ability to recover emotional damages set forth in medical malpractice jury charges, as more fully explained below. Id. To the contrary, in the case at bar, Plaintiff's

12

damages for any emotional injury that she is alleging is subsumed in the medical negligence claim itself.

Furthermore, Plaintiff may not state a claim for negligent infliction of emotional distress under the theories that she reasonably experienced a fear of impending physical injury as she did not contemporaneously observe the harm occurring. See Sinn v. Burd, 404 A.2d 672, 695 (Pa. 1979); Bloom v. Dubois Regional Med. Ctr., 597 A.2d 671, 681 (Pa. Super. Ct. 1991). The Pennsylvania Supreme Court has restricted recovery for negligent infliction of emotional distress "solely to those cases in which plaintiff alleged psychic injury as a result of **actually witnessing** the defendant's negligent act." Mazzagatti v. Everingham by Everingham, 516 A.2d 672, 677 (emphasis added). The negligent act allegedly occurred during the penile inversion vaginoplasty during which Plaintiff was under anesthesia, and she could not have actually witnessed the defendant's negligent act. Nor can Plaintiff recover under the theory that she "observed a tortious injury to a close relative" as she is claiming the injury to herself. As such, the Negligent Infliction of Emotional Distress Counts against Defendant Kathy L. Rumer, D.O. (Count III) and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery (Count IV) must be dismissed for failure to state a claim upon which relief may be granted.

In the alternative, Plaintiff's claim should fail because her claim is essentially a duplication of the medical malpractice action. To allow recovery for both negligent infliction of emotional distress and medical negligence would be to allow a double recovery for the patient. Damages for emotional distress fall within the general medical negligence damages for past and future noneconomic damages which include damages for: (1) pain and suffering, (2) embarrassment and humiliation, (3) loss of ability to enjoy the pleasures of life, and (4)

disfigurement. Pa. SSJI (Civ) § 14.150 (2013). The jury is instructed the following with regard to pain and suffering:

> The first item to be considered in the plaintiff's claims for damage awards for past noneconomic loss and for future noneconomic loss is pain and suffering. You are instructed that the plaintiff is entitled to be fairly and adequately compensated for all **physical pain, mental anguish**, discomfort, inconvenience, and **distress** that you find [he] [she] has endured from the time of the injury until today, and that the plaintiff is also entitled to be fairly and adequately compensated for all **physical pain, mental anguish**, discomfort, inconvenience, and **distress** you find [he] [she] will endure in the future as a result of [his] [her] injuries.

Id. (emphasis added).

To establish a prima facie cause of action of negligence in medical malpractice, a plaintiff must demonstrate: "a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the **harm suffered**, and the **damages suffered were a direct result of the harm**." Mitzelfelt v. Kamrin, 526 Pa. 54, 584 A.2d 888, 891 (1990) (citing Morena v. South Hills Health System, 501 Pa. 634, 464 A.2d 680 (1983); Prosser, Law of Torts, Section 30 at 143 (4th ed. 1971)) (emphasis added). Plaintiff is attempting to recover damages under a negligent infliction of emotional distress claim which she would already receive if it is proven that Moving Defendants violated the standard of care and caused the Plaintiff's harm, which is specifically denied.

Additionally, the Pennsylvania Suggested Standard Civil Jury Instruction for Negligent Conduct Causing ***Only*** Emotional Distress states the following:

> *[First Alternative—Emotional injury—zone of danger:]*
>
> *[name of plaintiff]* claims that *[name of defendant]*'s negligent conduct cause [him] [her] to suffer emotional distress.

14

> In order to receive compensation for emotional distress, *[name of plaintiff]* must provide *all* of the following:
>
> 1. *[name of defendant]* was negligent.
>
> 2. *[name of defendant]*'s negligence place *[name of plaintiff]* in danger of physical impact or injury; and
>
> 3. *[name of plaintiff]* suffered emotional distress as a result of *[name of defendant]*'s negligence conduct.

Pa. SSJI (Civ) § 13.40 (2013) (emphasis added). The Subcommittee Note to the instruction specifically states, "emotional distress is an area that can be included in general damages." Id. As this charge notes, it is for conduct causing "only emotional damages" and hence would and should not apply in a case where physical harm is alleged as well.

Furthermore, as negligence of the defendant must be proven for a finding of negligent infliction of emotional distress, pleading negligence and negligent infliction of emotional distress could not be considered pleading in the alternative. If both negligence and negligent infliction of emotional distress allegations may stand, then Plaintiff could receive a double recovery for the same wrongdoing since under negligence Plaintiff is "compensated for all **physical pain, mental anguish**, discomfort, inconvenience, and **distress**". Pa. SSJI (Civ) § 14.150 (2013) (emphasis added).

### C. Plaintiff Fails to State A Cognizable Claim Against Dr. Rumer for Intentional Infliction of Emotional Distress

When an intentional infliction of emotional distress claim is allowed in Pennsylvania, many courts follow the definition provided in the Restatement (Second) of Torts:

> [o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Sease v. Dobish, No. 1968 MDA 2011, 2013 WL 11282811 (Pa. Super. Ct. 2013) (quoting Restatement (Second) of Torts § 46(1)) (citations omitted).

To establish an intentional infliction of emotional distress claim, Plaintiff must show: (1) extreme and outrageous conduct; (2) done intentionally or recklessly; (3) that causes emotional distress; and (4) the distress is severe. Chuy v. Phila. Eagles Football Club, 595 F.2d 1265, 1273 (3d Cir. 1979). In Pennsylvania, "[l]iability on an intentional infliction of emotional distress claim has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Kasper v. Cnty. Of Bucks, 514 Fed.Appx. 210, 217 (3d Cir. 2013) (citations omitted); see also Dull v. W. Manchester Twp. Police Dep't., 604 F.Supp.2d 739, 756 (M.D. Pa. 2009); Hoy v. Angelone 554 Pa. 134, 151, 720 A.2d 745, 754 (1998).

To succeed on an intentional infliction of emotional distress claim, the Plaintiff must show "some type of resulting physical harm due to the defendant's outrageous conduct." Reedy v. Evanson, 615 F.3d 197, 231 (3d Cir. 2010). "A plaintiff seeking to establish intentional infliction of emotional distress must also support his claim with 'competent medical evidence,' because 'it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's 'outrageousness' without expert medical confirmation that the plaintiff actually suffered the claimed distress.'" Bock v. CVS Pharmacy, Inc., No. Civ.A.07—412, 2008 WL 3834266, at *2 (E.D Pa. Aug. 14, 2008) (quoting Kazatsky v. King David Mem'l Park, Inc., 5127 A.2d 988, 995 (Pa. 1987).

Plaintiff has not sufficiently pled conduct that was "beyond all possible bounds of decency," or that she experienced "physical harm due to the defendant[s'] outrageous conduct."

16

See Reedy, 615 F.3d at 231; Dull, 604 F.Supp.2d at 755. Plaintiff merely makes conclusory allegations as follows:

> 45. As a result of the negligent medical care and treatment provided, and not provided by defendant Dr. Rumer to plaintiff, plaintiff suffered severe emotional distress, including, but not limited to, depression, grief, anxiety and gender dysphoria.
>
> 46. The negligence, carelessness and recklessness of defendant in their medical care and treatment of plaintiff increased the risk of harm which plaintiff sustained and will sustain in the future.
>
> 47. The medical care and treatment provided, as well as the failure to provide medical care and treatment, was intentional, extreme, outrageous and cruel.

See Exhibit "A" Count V. As discussed below, Plaintiff's allegations regarding Dr. Rumer's conduct do not show that the conduct rose to the level of recklessness or outrageousness to warrant punitive damages and as such also do not rise to the level to sustain a claim for intentional infliction of emotional distress. As such, Plaintiff's Count V should be dismissed for failure to state a claim upon which relief may be granted. These are the types of damages one would expect in a case of this type involving only to ordinary negligence. There is no factual or legal basis in the Complaint to support the claim.

    D.    **Plaintiff Fails to State a Claim For Which Relief May Be Granted Against Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress**

Plaintiff fails to state a claim for which relief may be granted for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress against Defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery. Generally, under Thompson and its progeny, there is no claim for direct corporate liability for a physician group. Pennsylvania courts have applied the theory of corporate negligence to hospitals because "the corporate

hospital of today has assumed the role of a comprehensive health center with responsibility for arranging and coordinating the total health care of its patients." Thompson v. Nason Hosp., 591 A.2d 703, 704 (Pa. 1991); see also Shannon v. McNulty, 718 A.2d 828, 835 (Pa. Super. Ct. 1998) (extending corporate negligence to health maintenance organizations). However, the Pennsylvania Superior Court added "[t]he same cannot be said for a physician's practice group." Sutherland v. Monongahela Valley Hosp., 856 A.2d 55, 61-62 (Pa. Super. Ct. 2004). The Pennsylvania Superior Court has stated that the theory of corporate negligence applies to hospitals and health maintenance organizations (HMOs), and does not apply to physician practice groups such as professional corporations that provide medical services. Sutherland, 856 A.2d at 61-62; Shannon, 718 A.2d at 835; Thompson, 591 A.2d at 704.

Moreover, a corporate entity, by itself, cannot inflict harm against an individual. Plaintiff alleges in her negligent and intentional infliction of emotional distress claims that "[a]s a result of the negligent medical care and treatment provided, and not provided by defendant Rumer Cosmetic to plaintiff, plaintiff suffered severe emotional distress, including, but not limited to, depression, grief, anxiety and gender dysphoria." However, Rumer Cosmetic Surgery, as an entity, cannot provide medical services on its own. An entity must act through individuals, whereas here Plaintiff alleges that Rumer Cosmetic Surgery acted as an entity to inflict the harm. Therefore, the negligent infliction of emotional distress claim and the intentional infliction of emotional distress claim must be dismissed for failing to state a claim upon which relief may be granted as to the corporate entities.

Even if this Court were to determine that a negligent infliction of emotional distress and intentional infliction of emotional distress claims could be brought against an entity defendant, the claims must be dismissed against Rumer Cosmetic Surgery for the reasons set forth above.

Negligent infliction of emotional distress is not a cognizable claim in a medical malpractice lawsuit under these circumstances and the conduct does not rise to the level of recklessness or outrageousness to warrant an intentional infliction of emotional distress claim.

### E. The Complaint Fails to State a Cause of Action Against Dr. Rumer and Rumer Cosmetic Surgery Which Warrants the Relief of Punitive Damages

As the Supreme Court stated in Twombly and Iqbal, the federal pleading standard requires plaintiffs to plead facts giving rise to a plausible claim for relief. As such, a request for punitive damages should be dismissed unless the plaintiff's assertions support a plausible claim that the defendant acted with the required *mens rea*. In her Complaint, Plaintiff has not pled facts necessary to support a demand for punitive damages under the circumstances. Despite Plaintiff's mere conclusory allegations of recklessness, what she describes amounts to mere negligence; a claim for punitive damages must rest on actual reckless conduct bordering on criminal neglect, or a state of mind equivalent thereto which is absent from the pleadings.

Pennsylvania's Medical Care Availability and Reduction of Error ("MCARE") Act provides that punitive damages may be awarded against a health care provider "for conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others." 40 P.S. § 1303.505(a). The Pennsylvania Supreme Court has established:

> [I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to established that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.

Hutchinson ex. Rel. Hutchinson v. Luddy, 582 Pa. 114, 870 A.2d 766, 771-72 (2005) (citations omitted). Reckless conduct is qualitatively different than careless or negligent conduct. Moreover, Plaintiff's Complaint does not support a plausible claim that the defendant acted with the required *mens rea*. Mere negligence or even gross negligence is insufficient to support a

punitive damages award. See 40 P.S. § 1303.505(b). The plaintiff must demonstrate that the defendant acted with at least a mental state of recklessness in order to recover punitive damages for a claim sounding in negligence. See Hutchinson, 870 A.2d at 772.

In order to justify punitive damages, the conduct in question must be "especially egregious." Martin v. Johns-Manville Corp., 484 A.2d 1080, 1096-97 (Pa. 1985). It is not sufficient to simply allege that a party was reckless or engaged in conduct that was willful, malicious, intentional, wanton or other similar conduct in order to establish a claim for punitive damages. See e.g., McDaniel v. Merck, Sharp and Dhome, 533 A.2d 436 (Pa. Super. Ct. 1987). Punitive damages are "an extreme remedy" available only in the most exceptional cases. Phillips v. Cricket Lighters, 883 A.2d 439 (Pa. 2005). A claim for punitive damages must rest on actual reckless conduct bordering on criminal neglect, or a state of mind equivalent thereto. Conduct that is deemed to be "reckless" can allow a Plaintiff to recover punitive damages, in addition to compensatory damages. McDaniel, 533 A.2d 436.

Under Pennsylvania law, punitive damages may only be imposed when the actor's conduct is of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct. Feld v. Merriam, 485 A.2d 742, 748 (Pa. 1984). The law in Pennsylvania with regard to what acts or omissions will entitle a plaintiff to punitive damages is well-established. Pennsylvania recognizes the principles set forth in § 908(2) of the Restatement (Second) of Torts. This section provides that:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

Restatement (Second) of Torts § 908(2); see Feld, 485 A.2d at 747-48.

20

There are no facts in Plaintiff's Complaint supporting any claims of recklessness of the Moving Defendants, as the term is defined in Restatement (Second) of Torts § 500, which definition as been adopted in Pennsylvania. That definition provides as follows:

> The actor's conduct is in reckless disregard to the safety of another if he does an act or intentionally fails to do an act which is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

Morgan v. G. & W. H. Corson, Inc., 586 A.2d 416, 423 (Pa. Super. Ct. 1991) (quoting Restatement (Second) of Torts § 500).

Specifically, in order for conduct to be reckless, the conduct:

> Must be unreasonable; but to be reckless it must be something more than negligent. It must not only be unreasonable, but it must involve a risk of harm substantially in excess of that necessary to make the conduct negligent. It must involve an easily perceptible danger of death or substantial physical harm and the probability that it will so result must be substantially greater than is required for ordinary negligence.
> \* \* \* \* \* \* \* \* \*
> The actor to be reckless must recognize that his conduct involves a risk substantially greater in an amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligence is a difference in the degree of risk, but this degree is so marked as to make it a difference in kind.

Id. (quoting Restatement (Second) of Torts § 500, Comments (a) and (g)).

Moreover, under Pennsylvania Law, **not all conduct deemed reckless even under the stringent definition of § 500, is sufficient to impose punitive damages**:

> Comment (a) to § 500 describes two distinct types of reckless conduct which represent very different mental states: (1) where the actor knows or has reason to know ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or fail to act, in conscious disregard of, or

21

> indifference to, that risk; and (2) where the actor has such knowledge, or reasons to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man would do so. The first type of reckless conduct described in § 500 demonstrates a higher degree of culpability than the second on the continuum of mental states which range from specific intent to ordinary negligence. An indifference to a known risk is closer to an intentional act than the failure to appreciate the risk from a known danger.
>
> * * * * * * * *
>
> Under Pennsylvania law, only the first type of reckless conduct described in § 500, is sufficient to create a jury question on the issue of punitive damages.

Id. at 1087, see also, SHV Coal v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991) (quoting Martin, supra.); Field v. Philadelphia Electric Co., 388 Pa. Super. 400, 565 A.2d 1170, 1182 (1989) ("If the defendant actually does not realize the high degree of risk involved, even though a reasonable man in his position would, the mental state required for the imposition of punitive damages in Pennsylvania is not present."); Burke v. Maassen, 904 F.2d 178, 182 (Recklessness sufficient to warrant imposition of punitive damages must be supported by "evidence that the person actually realized the risk and acted in conscious disregard or indifference to it." Importantly, in Burke the defendant fell asleep at the wheel while driving a truck and the Court nonetheless sustained defendant's preliminary objections as to punitives.); Jones v. McDonald's Corporation, AGA, 958 F. Supp. 234, 237 (E.D. Pa. 1997) (quoting Martin, supra. and citing SHV, supra. and Field, supra.).

The allegations in Plaintiff's Complaint fall well short of supporting a claim for punitive damages and allegations of reckless conduct of the Moving Defendants. There are no facts in Plaintiff's Complaint supporting any claims of recklessness as the term is defined in Restatement (Second) of Torts § 500, which definition has been adopted in Pennsylvania. Nor do Plaintiff's assertions support a plausible claim that the defendants acted with the required *mens rea*.

Accordingly, Plaintiff's Count VII must be dismissed for failure to state a claim upon which relief may be granted.

In the alternative, Plaintiff demands of an award of punitive damages against defendants equal to 6 times the value of plaintiff's compensatory damages awarded by a jury. However, pursuant to the MCARE Act, if the jury finds that the physician's conduct rises to the level to award punitive damages, except in cases alleging intentional misconduct, punitive damages against an individual physician shall not exceed 200 percent of the compensatory damages awarded. 40 P.S. § 1303.505(d). As such Plaintiff's demand of an award of punitive damages in the amount equal to 6 times the value of compensatory damages should be stricken.

### F.  Plaintiff Fails to State a Claim Which Would Entitle Her to the Award of Attorney's Fees

Under the "American Rule," each litigant pays her own attorney's fees, win or lose, unless a statute or contract or some other established exception provides otherwise. Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010); see Rinker v. Amori, No. 15-1293, 2016 WL 1110217, at *10 (M.D. Pa. Mar. 22, 2016) (Mannion, J.) (recognizing that Pennsylvania also adheres to the "American Rule"). The MCARE Act does not increase a litigant's damages by an additional award of attorney's fees. Sayler v. Skutches, 40 A.3d 135, 141 (Pa. Super. Ct. 2012) app. denied, 54 A.3d 349 (Pa. 2012). "Pennsylvania courts have routinely applied the American Rule to deny recovery of attorneys' fees in … negligence cases." Bethlehem Area Sch. Dist. v. Zhou, 09-3493, 2012 WL 930998, at *4 (E.D. Pa. Mar. 20, 2012) (quoting Lewis v. Delp Family Powder Coatings, Inc., 08-1365, 2011 WL 1230207, at *4 (W.D. Pa. Mar. 31, 2011).

Plaintiff does not make out a plausible claim for attorney's fee. Accordingly, her claim for attorney's fees should be dismissed for failing to state a claim upon which relief may be granted.

## V.  CONCLUSION

For the reasons set forth above, it is respectfully requested that this Honorable Court grant Defendants' Motion in accordance with the attached proposed Order.

                Respectfully submitted,

                GERMAN, GALLAGHER & MURTAGH

BY: _____
        John P. Shusted
        Chilton G. Goebel, III
        Lauren A. Green
        *Attorneys for Defendants*
        *Kathy L. Rumer, D.O., F.A.C.O.S and*
        *Delaware Valley Aesthetics, PLLC*
        *d/b/a Rumer Cosmetic Surgery*